**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| RICHARD YANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      No. 1:12CV92 SNLJ |
| | ) |
| MISSOURI DEPT. OF CORR.,et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motion of plaintiff (registration no. 1037144), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.95. <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $9.75, and an average monthly balance of $.52.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.95, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff, an inmate at Southeast Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights.  Plaintiff asserts that defendants have violated, and continue to violate, his federal constitutional rights under the First and Fourteenth Amendments, by rejecting letters written to him by family members in Chinese, by rejecting letters written by him to family members in Chinese, by not informing him that his mail has been rejected and by not providing him an opportunity to appeal the rejection of his mail.  Plaintiff also asserts he has been impeded from making international phone calls to family members and friends in China.  Plaintiff alleges that he has been denied due process, equal protection of the laws and that his right to free speech has been recklessly disregarded.

Named as defendants are: the Missouri Department of Corrections("MDOC"); George Lombardi (Director, Missouri Department of Corrections); Tom Clements (Director, Division of Adult Institutions); Mariann Atwell (Director, Division of Offender Rehab. Services); Patricia Cornell, Deputy Director, Div. Adult Institutions); Fred Johnson (Deputy Warden, Potosi Correctional Center); Don Roper (Warden, Potosi Correctional Center); Jeff Norman (Warden, SECC); Omer Clark (Deputy Warden, SECC); William Strange (Deputy Warden, SECC); Allen Hughes, Committee Member, SECC); Angela Riddell (CCA, SECC); Dwayne Kemper

-4-

(Deputy Director, Div. of Adult Institutions); K. Malloy (Functional Unit Manager, PCC); G. Phaglay (Committee Member, PCC); and Cindy Griffin (Functional Unit Manager, PCC).

Plaintiff claims that defendants Lombardi, Clements and Atwell failed to properly train and direct the employees at MDOC regarding prisoners' First and Fourteenth Amendment rights, specifically those relating to incoming and outgoing mail, as well as the right of prisoners to correspond with their family members in their native language.  Plaintiff also asserts that the passage and application of the MDOC policy, as well as the practice of rejecting letters written in Chinese, violates an inmate's rights under the First and Fourteenth Amendments, especially given the fact that he has told MDOC how to attain cost-free translation services.  Plaintiff asserts that the remaining defendants were directly involved in violating his rights under the First and Fourteenth Amendments when they censored his mail, applied the unconstitutional policies, and denied his grievances and grievance appeals.  Plaintiff seeks both monetary damages and injunctive relief.

## Discussion

The Court believes that plaintiff's lengthy and detailed allegations, see, e.g., Novosel v. Wrenn, 2010 WL 5157414, Civil No. 10CV165 PB (D. N.H. Nov. 18, 2010), fully state a claim, as pleaded, under § 1915 against all of the named

-5-

defendants except for MDOC.  <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 63 (1989).  As such, the Court will issue process on the named defendants in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.95 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants George Lombardi, Tom Clements, Mariann Atwell, Patricia Cornell, Fred Johnson, Don Roper, Omer Clark, William Strange, Allen Hughes, Angela Riddell, Dwayne Kemper, Jeff Norman, K. Malloy, G. Phaglay, Cindy Griffin.  This defendants shall be served through the use

of the waiver agreement the Clerk of Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants George Lombardi, Tom Clements, Mariann Atwell, Patricia Cornell, Fred Johnson, Don Roper, Omer Clark, William Strange, Allen Hughes, Angela Riddell, Dwayne Kemper, Jeff Norman, K. Malloy, G. Phaglay, Cindy Griffin shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant the Missouri Department of Corrections because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to waive service of summons [Doc. #4] is **DENIED AS MOOT** given that plaintiff has been granted in forma pauperis status and service will be effectuated on his behalf.

**IT IS FURTHER ORDERED** that plaintiff's motion for a two year extension to pay the filing fee [Doc. #3] is **DENIED**.  Plaintiff will be required to pay the initial partial filing fee in accordance with the Order set forth above.  See 28 U.S.C. 1915(b).  After payment of the initial partial filing fee the Missouri Department of

Corrections will forward payments from plaintiff's prisoner account each time the amount in the account exceeds $10, until the filing fees are paid.  See 28 U.S.C. § 1915(b)(1)-(2).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 17th day of August, 2012.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE