UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RICHARD YANG,              )
                           )
    Plaintiff,             )
                           )
v.                         )     No. 1:12CV92 SNLJ
                           )
MISSOURI DEPT. OF CORR., et al., )
                           )
    Defendants.            )

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for temporary restraining order and for preliminary injunction [Doc. #16 and #30]. In his motions, plaintiff seeks a mandatory order from this Court requiring defendants to allow him access to send and receive correspondence in Chinese, in addition to allowing him to engage in international phone calls with individuals from China. Because plaintiff has not persuaded the Court that he will suffer irreparable harm unless a mandatory injunction is immediately entered on his behalf, the Court cannot grant plaintiff's motions for temporary restraining order at this time. As such plaintiff's motions will be denied.

**Background**

1

Plaintiff, an inmate at Southeast Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. In his complaint before the Court, plaintiff asserts that defendants, individuals employed by the Missouri Department of Corrections, have violated, and continue to violate, his federal constitutional rights under the First and Fourteenth Amendments, by rejecting letters written to him by family members in Chinese, by not informing him that his mail has been rejected and by not providing him an opportunity to appeal the rejection of his mail. Plaintiff also asserts he has been impeded from making international phone calls to family members and friends in China. Plaintiff alleges that he has been denied due process, as well as equal protection of the laws, and that his right to free speech has been recklessly disregarded.

On August 17, 2012, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and issued process on the majority of plaintiff's claims, dismissing only his claim against the Missouri Department of Corrections, for failure to state a claim. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Because the named defendants were all employees of the Missouri Department of Corrections, the Court sent a waiver of service letter to the Office of Attorney General on August 20, 2012. Defendants filed an answer to the complaint on October 18, 2012. Defendants responded to plaintiff's motions for injunctive relief on October 18, 2012.

On October 31, 2012, plaintiff filed a motion to waive the service of discovery procedure. In his motion to waive discovery, plaintiff asserts that discovery is unnecessary in this case. Essentially, he is seeking a date by which judgment may be had as a matter of law, without the benefit of discovery. Defendants filed their reply to plaintiff's motion on November 2, 2012. Defendants assert that discovery is necessary to so that the Court may determine whether the prison regulations which are restricting plaintiff's alleged right of access to his mail and phone calls is the result of a legitimate penological interest.

**Discussion**

In his motion for temporary restraining order, signed on September 19, 2012, plaintiff seeks a mandatory order from this Court requiring defendants to allow him access to send and receive correspondence in Chinese, in addition to allowing him to engage in international phone calls with individuals from China. Plaintiff's allegations in his motion for temporary restraining order mirror those in his complaint. He asserts that defendants are violating his rights under the First and Fourteenth Amendments to the United States Constitution and that they are depriving him of his right to free speech and the ability to communicate with his family <u>in</u>

China.[1] Plaintiff claims that defendants have told him that they are unable to let him communicate in the Chinese language due to security concerns and a written security policy established by the Missouri Department of Corrections.

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has an opportunity to rule on the lawsuit's merits.[2] Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc); Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

---

[1] Plaintiff does not allege that he is unable to send and receive all mail, just mail written in Chinese.

[2] Plaintiff alleges in his complaint that his ingoing and outgoing mail have been censored for some time. It is unclear why plaintiff chose to bring the lawsuit at this particular time or why he believes there is a threat of irreparable harm now as opposed to when the alleged censorship first started.

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. Moreover, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Having carefully reviewed the record, the Court concludes that plaintiff has failed to meet the first Dataphase requirement, as he has not shown that he will experience irreparable harm if an injunction is not issued. Plaintiff instead broadly rests his argument on the theory that he will suffer garden variety emotional distress if he is not granted access to phone calls and correspondence with friends and family.

Indeed, his motion for temporary restraining order sets forth nothing different than the allegations contained in his complaint, for which he seeks emotional distress damages. Although allegations of mail censorship and a denial of free speech are serious in nature and could very well state a claim for a violation of plaintiff's civil rights, plaintiff has not articulated how this censorship has resulted in a <u>current threat</u> of irreparable harm - something different than what he seeks monetary damages for in his complaint. In fact, as noted above, it is unclear to the Court why plaintiff chose to bring his lawsuit at the current time when the alleged censorship is purported to have been going on for some time. In order to preserve the status quo, the Court should maintain the regulations that the Department of Corrections has had in place regarding the Chinese correspondence.

Moreover, plaintiff has failed to address the harm that could potentially befall defendants if they allow a breach in their security rules and regulations, such that plaintiff is allowed to converse, in international phone calls, in Chinese, and correspond through the mail in Chinese.

The balance between the rights of the inmates and the maintenance of security must be at the forefront of any review of prison regulation. "[O]n one hand, prisoners do not lose all their constitutional rights while behind bars; on the other hand, federal courts must defer to the judgment of those officials responsible for the inordinately

difficult task of operating a prison." Quinn v. Nix, 983 F.2d 115, 118 (8th Cir.1993) Prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail. The Eighth Circuit has previously held that claims involving inmate mail be measured against the standard set out in Turner v. Safley, 482 U.S. 78 (1987). See, e.g., Smith v. Delo, 995 F.2d 827, 830 (8th Cir.1993). The resolution turns on this question: Is the regulation reasonably related to a legitimate penological interest? See, e.g., Thongvanh v. Thalacker, 17 F.3d 256, 258 (8th Cir. 1994).

Security is clearly a valid penological interest. O'Lone v. Estate of Shabazz, 482 U.S. 342-349 (1987); Thornburgh v. Abbott, 490 U.S. 401, 415 (1989); Dawson v. Scurr, 986 F.2d 257, 260 (8th Cir.1993). The rational relationship between regulation of communications and security is apparent because "only by discovering the contents of [communications] can prison officials insure that [a communication] containing improper matters is not sent outside the prison." Smith v. Delo, 995 F.2d at 830.

Curiously, plaintiff has failed to address the effect that either striking down the regulation as a whole or simply enjoining defendants from enforcing the regulation against him would have on the security of the prison in which he is currently housed. Only after this issue is fully briefed will the Court be able to address the balance of

harm before the parties. As such, the Court concludes that it cannot grant plaintiff's request for injunctive relief at this time.

And by this same token, the Court must deny plaintiff's motion to waive the discovery process. It is clear that the parties need to engage in discovery in this matter so that the Court can better understand the facts relating to the alleged censorship, as well as the prison regulations purportedly behind the limitations in access. See, e.g., Thornburgh. 490 U.S. at 404; Turner, 482 U.S. at 89-91. As such, the Court will enter a Case Management Order relating to the scheduling of discovery in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for temporary restraining order and for preliminary injunction [Doc. #16 and #30] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to waive the discovery process [Doc. #22] is **DENIED**.

Dated this 18th day of April, 2013.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                  UNITED STATES DISTRICT JUDGE