UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARD YANG,                ) | |
| ) | |
|     Plaintiff,              ) | |
| ) | |
| v.                                        ) | Case No. 1:12CV92 SNLJ |
| ) | |
| MISSOURI DEPARTMENT  ) | |
| OF CORRECTIONS, *et al.*,  ) | |
| ) | |
|     Defendants.              ) | |

## MEMORANDUM AND ORDER

Plaintiff , an inmate at the Southeast Correctional Center ("SECC"), brings this 42 U.S.C. §1983 action against the Missouri Department of Corrections and others alleging violations of his constitutional rights pertaining to the handling of his mail and telephone usage. Currently before the Court is plaintiff's motion seeking the issuance of a subpoena on another inmate at SECC. The proposed subpoena directs the inmate, Carlos Mendoza, to answer questions pertaining to Mr. Mendoza's own alleged experiences with SECC's censorship of his foreign language communications. Previously, the Court denied plaintiff's motion "for writing question of interrogatories/investigation of an inmate, Carlos Mendoza" (#37), because plaintiff had failed to submit with his motion the written questions he intends to submit to the deponent, nor had he demonstrated that he has the ability or willingness to arrange for a court reporter to appear and conduct the deposition, as required by Rules 30 and 31.

Defendants have not responded to plaintiff's motion seeking a subpoena. The Federal Rules of Civil Procedure do not permit plaintiff to obtain the information he seeks through a subpoena. Rule 45, which governs issuance of subpoenas, permits subpoenas to command persons "to do the following at specified time and place: attend and testify; produce designated

documents...or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(a)(iii). The Court's subpoena power does not include the power to require nonparties to answer written questions under oath and return the written answers to the plaintiff. Ordinarily, because incarcerated pro se plaintiffs are typically unable to pay and arrange for depositions, they rely on affidavits from witnesses. It is not clear whether plaintiff has made an effort to obtain an affidavit from Mr. Mendoza, but the Court is aware that it may be impossible for plaintiff to obtain an affidavit from Mr. Mendoza if they are housed in separate wings or if one or both are segregated from the general population. Because the defendants have custody and control over plaintiff, they will be ordered to show cause why plaintiff should not be permitted the opportunity to obtain an affidavit from Mr. Mendoza. If the problem is that Mr. Mendoza is unwilling or unable to provide an affidavit to plaintiff, and not that plaintiff is physically unable to contact Mr. Mendoza, then plaintiff will have to explore other avenues or forego obtaining testimony from him.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Issuance of Subpoena (#40) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall **SHOW CAUSE** by September 16, 2013, why plaintiff cannot be permitted the opportunity to obtain an affidavit or declaration from SECC inmate Carlos Mendoza.

Dated this __14th__ day of August, 2013.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE